UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BENJIMAN CRIBB,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MEAD JOHNSON & COMPANY, LLC, et al.,<br><br>　　　　　Defendants. | No. 2:22-cv-00913-DAD-AC<br><br>ORDER ADOPTING JOINT STIPULATION TO REMAND AND REMANDING ACTION TO SAN JOAQUIN COUNTY SUPERIOR COURT<br><br>(Doc. No. 30) |

This matter was removed to this court from the San Joaquin County Superior Court on May 27, 2022 by defendant Abbott Laboratories on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. (Doc. No. 1.) On May 27, 2022, defendant Abbott Laboratories filed a motion to stay this action pending a decision by the United States Judicial Panel on Multidistrict Litigation ("the Panel") regarding whether to transfer this case to multidistrict litigation ("MDL") in the action *In re: Abbott Laboratories, et al. Preterm Infant Nutrition Prod. Liab. Litig.*, MDL No. 3026 (N.D. Ill.) ("MDL 3026."). (Doc. No. 4.) On June 1, 2022, plaintiff filed a motion to remand this action to the San Joaquin County Superior Court. (Doc. No. 8.) On June 3, 2022, defendant Dignity Health filed a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike the complaint for damages pursuant to Federal Rule of Civil Procedure 12(f). (Doc. No. 9.)

"When civil actions involving one or more common question of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a).  Transfers pursuant to 28 U.S.C. § 1407 are made by the Panel.  *Id.*  Under MDL Panel Rule 2.1(d), the pendency of a *conditional* transfer order before the Panel "does not affect or suspend orders and pretrial proceedings in any pending federal district court action and does not limit the pretrial jurisdiction of that court."  Indeed, "[b]etween the date a remand motion is filed [in the pending federal district court action] and date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so."  (MDL No. 3026, Doc. No. 284 at 2 n.2.)

On June 2, 2022, the Panel issued Conditional Transfer Order 8 ("CTO-8"), conditionally transferring this case to MDL No. 3026.  (MDL No. 3026, Doc. No. 202.)  On June 9, 2022, plaintiff filed a notice of opposition to CTO-8.  (MDL No. 3026, Doc. No. 219.)  Plaintiff's opposition remains pending before the Panel and is currently set for hearing on September 29, 2022.  (*See* MDL No. 3026, Doc. No. 285.)  Because CTO-8 remains pending as to the transfer of this case, this court may continue to issue orders and conduct pretrial proceedings in this case.  *See* MDL Panel Rule 2.1(d) ("An order to transfer . . . pursuant to 28 U.S.C. § 1407 shall be effective only upon its filing with the clerk of the transferee district court."); *see also Hall v. Abbott Laboratories*, No. 1:22-cv-00071 (N.D. Ill.), Doc. No. 117 at 2 (filing CTO-8 on docket of transferee district court with notation to exclude this action from the transfer due to plaintiff's pending opposition).

On September 16, 2022, the parties filed a joint stipulation to remand this action to the San Joaquin County Superior Court.  (Doc. No. 30.)  Good cause appearing, the court therefore adopts the parties' stipulation and directs that this matter be remanded to the San Joaquin County Superior Court.  All pending motions in this action are hereby terminated.  The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:  **September 19, 2022**

UNITED STATES DISTRICT JUDGE

2